■ In the Matter of I.S.A. IN NEW JERSEY, INC., Petitioner, v TAX COMMISSION OF THE STATE OF NEW YORK, Respondent.— Harvey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which denied petitioner's claim under Tax Law article 22 for a refund of its employees' personal income taxes.

Petitioner, a New Jersey corporation authorized to do business in this State, employed New York residents (hereinafter New York employees) in its plants in Mahwah and Metuchen, New Jersey, between 1971 and 1981. It withheld a portion of the New York employees' wages for New York income tax purposes and turned over the collected moneys to the New York Department of Taxation and Finance. During the 10-year period in issue, $88,120 was collected and remitted to New York.

On February 22, 1982, the New Jersey Department of Treasury sent petitioner a notice of assessment which held petitioner liable for a deficiency of $88,120 under that State's Emergency Transportation Tax Act (ETT).* This tax was based upon employees' income and was subject to withholding. Had the tax been paid by the New York employees, it could have been deducted from their New York income tax liability.

Petitioner claims that the money it withheld from the New

---

* The ETT, a tax imposed by New Jersey on commuters in order to relieve a critical transportation problem found to exist in parts of New York and New Jersey, was declared unconstitutional in *Salorio v Glaser* (93 NJ 447, 461 A2d 1100). Apparently, the court in *Salorio* specifically stated that the decision was prospective in nature only *(supra,* p 1111).

York employees should have been remitted to New Jersey for payment of the ETT rather than to respondent. Therefore, petitioner filed for a refund pursuant to Tax Law § 697 (d). A hearing was held which produced nothing of probative value other than that which we have previously stated. Respondent held that sufficient questions of fact or law existed to preclude exercise of the special refund authority provided in Tax Law § 697 (d). This CPLR article 78 proceeding ensued.

Petitioner asserts that respondent's decision was arbitrary and capricious as well as an erroneous application of law. We disagree.

Tax Law § 697 (d) gives respondent special authority to refund moneys "[w]here no questions of fact or law are involved and it appears from the records of the tax commission that any moneys have been erroneously or illegally collected". There is a presumption of regularity which petitioner must overcome. Respondent accepted payments from petitioner as money withheld from the New York employees' wages as a trust fund (see, Tax Law §§ 673, 674 [b]; § 675) for the payment of New York resident income tax (see, Tax Law § 671 [a] [1]; 20 NYCRR 160.5 [a]). The New York employees were required to file New York resident income tax returns. In the ordinary and regular course of events, the withheld wages in respondent's possession would have been applied to the individual's tax liability and, if a balance remained, it would have been refunded to the taxpayer (see, Tax Law § 673; 20 NYCRR 162.1). Petitioner failed to present any evidence indicative of any deviation from the required procedures. It does not matter that petitioner made a mistake in not remitting the withheld wages to the New Jersey Department of Treasury (see, 20 NYCRR 160.5 [b]). The money was properly received by respondent and the record does not support a conclusion contrary to the presumed fact that it was properly disbursed and that nothing remained to be refunded.

Determination confirmed, and petition dismissed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.